WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sara Marie West,<br><br>    Plaintiff,<br><br>v.<br><br>Applicant Check LLC,<br><br>    Defendant. | No. CV-25-00046-TUC-JGZ (MSA)<br><br>**ORDER** |

Pending before the Court is Plaintiff Sara West's motion to compel discovery. The motion has been fully briefed and argued. For the following reasons, the motion will be granted in part and denied in part.

**I.    Background**

The complaint contains the following allegations: In October 2024, Plaintiff applied for a position with Succeed ABA Therapy. (Doc. 1, ¶ 41.) Plaintiff was offered a position contingent on her passing a background check. (*Id.* ¶¶ 43–44.) Succeed ABA Therapy used Defendant Applicant Check LLC to conduct the background check. (*Id.* ¶ 45.) Defendant prepared a report for Succeed ABA Therapy that contained inaccurate information about Plaintiff, namely, that Plaintiff had misdemeanor convictions in Oklahoma for obstructing a police officer and public intoxication. (*Id.* ¶¶ 48–51.) The convictions belonged to another person named Sara West, and Defendant would have realized this if it had used reasonable procedures to ensure the accuracy of its report. (*Id.* ¶¶ 52–58.)

On October 31, Succeed ABA Therapy sent Plaintiff a notice that her employment

1 application could be denied because of the convictions. (*Id.* ¶ 63.) That same day, Plaintiff obtained a copy of the report and called Defendant to dispute the inaccurate information. (*Id.* ¶¶ 64, 67.) Later that day, Defendant informed Plaintiff that it had investigated the dispute and removed the convictions from the report. (*Id.* ¶ 72.) Plaintiff was allowed to proceed with onboarding at Succeed ABA Therapy, though she believes that Defendant's inaccurate reporting may have caused her to begin work later than originally anticipated. (*Id.* ¶¶ 74–75.)

Plaintiff brings two claims. The first alleges that Defendant violated the Fair Credit Reporting Act (FCRA) by not "follow[ing] reasonable procedures to assure maximum possible accuracy" of the information in Plaintiff's report. (*Id.* ¶¶ 81–88.) The second alleges that Defendant violated the FCRA by not timely notifying Plaintiff that it had reported adverse information to Succeed ABA Therapy. (*Id.* ¶¶ 89–101.) Plaintiff seeks actual, statutory, and punitive damages, as well as attorney fees and costs. (*Id.* ¶¶ 88, 101.)

**II.    Discussion**

Plaintiff moves to compel Defendant to respond to four requests for production of documents (RFP) and ten requests for admission (RFA). Each request is taken in turn.

**A.    Requests for Production**

A party is entitled to obtain documents that are in another party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A). The documents must be within the scope of discovery, which includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

**1.    Defendant's Net Worth**

**RFP 46** seeks "all Documents establishing [Defendant's] net worth and pre-tax profits for the five (5) years preceding the filing of this action and including the year this action was filed." (Doc. 20-4 at 41.) Defendant objected that the request is "compound, vague, overbroad, unduly burdensome, and not reasonably calculated to lead to relevant and/or admissible evidence." (*Id.* at 42.) Defendant does not defend these objections in its response to the motion to compel. Instead, it argues that discovery as to its financial status

is premature until Plaintiff makes a prima facie showing that it is liable for punitive damages. (Doc. 23 at 4–6.) Plaintiff argues that there is no such limitation on federal discovery. (Doc. 20 at 6–7; Doc. 24 at 2–5.) Plaintiff is correct.

Defendant's argument relies on cases in which the district court applied a rule of state law. *See Richbourg v. Jimerson*, No. CV–12–0136–TUC, 2012 WL 4355906, at *2 (D. Ariz. Sept. 24, 2012) ("The State of Arizona has adopted a general rule mandating that 'prima facie proof of a defendant's liability for punitive damages [is necessary] before his wealth or financial condition may be discovered.'" (alteration in original) (quoting *Larriva v. Montiel*, 691 P.2d 735, 736 (Ariz. Ct. App. 1984))); *Avila v. Mohave County*, No. 14-cv-8124, 2015 WL 6660187, at *3 (D. Ariz. Nov. 2, 2015) (same); *Bossardet v. Centurion Healthcare*, No. CV-21-00179-TUC, 2023 WL 11959860, at *2 (D. Ariz. Jan. 13, 2023) (same). These cases are not binding. Nor are they persuasive, as they "do not explain *why* Arizona's limitation on discovery should apply in federal cases." *GG Ins. v. Johnson*, No. CV-23-01964-PHX, 2025 WL 2097940, at *1 (D. Ariz. July 25, 2025) (emphasis added). Moreover, this case involves only federal-law claims, so it would be completely inappropriate to limit discovery according to state law. *See Rodriguez v. County of Los Angeles*, 891 F.3d 776, 806 (9th Cir. 2018) ("We decline to apply California law here because appellees sought punitive damages for violations of their rights under 42 U.S.C. § 1983 rather than state law.").

Under federal law, the "proper inquiry is whether the discovery [Plaintiff] seeks is appropriate under [Rule] 26(b)(1)." *GG Ins. v. Johnson*, No. CV-23-01964-PHX, 2025 WL 1918560, at *2 (D. Ariz. July 11, 2025) (citing *Richbourg*, 2012 WL 4355906, at *2). Defendant's net worth is relevant to Plaintiff's request for punitive damages, *Rodriguez*, 891 F.3d at 806 (quoting *Tri-Tron Int'l v. Velto*, 525 F.2d 432, 438 (9th Cir. 1975)), and Defendant does not argue that the request is disproportional to the needs of the case under the Rule 26(b)(1) factors. As such, the motion will be granted as to RFP 46.

. . . .

. . . .

### 2. Defendant's Internal Audits and Records of Disputes

**RFP 30** seeks "all documents related to any audits and/or internal analyses that [Defendant] conducted during the period of five years preceding the filing of the complaint to ensure that the criminal records [Defendant] include[s] in consumer reports belong to the consumer which is the subject of the reports." (Doc. 20-5 at 36.) Defendant answered that it would produce responsive documents. (*Id.*) Plaintiff says, however, that Defendant has yet to do so. (Doc. 20 at 2.) Defendant's response to the motion to compel does not dispute Plaintiff's assertion that no documents have been produced. As such, the motion will be granted as to RFP 30.

**RFP 44** seeks "all metrics and reports . . . documenting the number of disputes, complaints, or lawsuits submitted to or filed against [Defendant] in which [Defendant was] accused of inaccurately publishing information belonging to another consumer into the report of the consumer that is the subject of the report." (Doc. 20-5 at 38.) Defendant initially objected to this request. (*Id.*) It later supplemented its response, answering that the requested "[i]nformation is not in Defendant's possession." (*Id.*) As noted above, a party need only turn over documents that are in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Plaintiff's briefing does not explain why Defendant's response is deficient, i.e., why she believes that Defendant has responsive documents in its possession contrary to its answer. Nor did Plaintiff's counsel convince the Court at the hearing that Defendant is withholding responsive documents, as his position appears to rest on his mere belief that Defendant *should* have the documents. As such, the motion will be denied as to RFP 44.

**RFP 45** seeks "all documents concerning the number of consumer complaints, allegations, lawsuits, disputes or other communications that [Defendant is] aware of and alleging that [Defendant] had reported information that belonged to another consumer on their Consumer Report or that [Defendant] had reported information which was 'mixed' with another consumer's file during the [past] five (5) years." (Doc. 20-4 at 41.) Defendant objected that this request is "compound, vague, overbroad, unduly burdensome, requests potential confidential information, and is not reasonably calculated to lead to relevant

and/or admissible evidence." (*Id.*) Plaintiff argues that the relevance objection is meritless because the documents are relevant to both liability and damages. (Doc. 20 at 7–8.) The Court agrees: if Defendant received frequent complaints about inaccurate reports, that would tend to show that its procedures were not reasonable and that punitive damages are appropriate. Defendant does not defend its other objections in its briefing, and the Court finds them to be without merit. Thus, the motion will be granted as to RFP 45.

### B.     Requests for Admission[1]

A party may serve on another party "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) (first citing *Keen v. Detroit Diesel Allison*, 569 F.2d 547, 554 (10th Cir. 1978); and then citing *Webb v. Westinghouse Elec. Corp.*, 81 F.R.D. 431, 436 (E.D. Pa. 1978)).

A party who is served with a request for admission must state all grounds for objection in his answer. Fed. R. Civ. P. 36(a)(5). As to the substance of an answer:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit it or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

In her motion, Plaintiff seeks answers to eleven requests for admission, including

---

[1] Defendant's initial response to the requests for admission misnumbered "Admission Request No. 9" as "Admission Request No. 8," resulting in every subsequent request also being misnumbered. (*See* Doc. 20-4 at 8–9.) The supplemental responses also adopted the misnumbering, as does the parties' briefing. To avoid any confusion, this Order does too.

RFAs 2 and 4. (Doc. 20 at 8.) Plaintiff withdrew her motion as to RFA 2 in the reply brief, so that request is not addressed in this Order. (Doc. 24 at 6.) As to RFA 4, Defendant argues that the motion should be denied because Plaintiff did not meet and confer on that request. (Doc. 23 at 6–7.) Plaintiff does not dispute that assertion or otherwise discuss RFA 4 in her reply brief. As such, the motion will be denied as to RFA 4 for failure to meet and confer. *See* Fed. R. Civ. P. 37(a)(1) (requiring a party to meet and confer before filing a discovery motion). The Court now turns to the nine remaining requests.

### 1. Defendant's Procedures

**RFA 14** seeks an admission "that Defendant's procedures for preparing consumer reports do not include verifying that public records identically match a consumer's date of birth before attributing those records to the consumer." (Doc. 20-6 at 13.) Defendant responded with various objections and the following qualified denial:

> [Defendant's] procedures involved cross-referencing all available identifying information provided by Succeed ABA Therapy—and by extension, Plaintiff—with the records that surfaced during the search. In this instance, the Oklahoma criminal record reflected a matching name, birth month, and birth year, all of which aligned with the information Plaintiff provided. In such cases, where the identifiers are consistent and no contradictory information appears, [Defendant] reasonably flags and includes the record as part of the report, consistent with its procedures. [Defendant] had no obligation—and was not requested—to independently investigate public records or consult external sources beyond the scope of its contracted search parameters.

(*Id.*)

Plaintiff argues that Defendant's qualified denial does not answer the request. (Doc. 20 at 10–11.) Defendant responds that it is "allowed to deny a request when the requested admission is inaccurate or unsupported by the party's knowledge," and that "Plaintiff cannot compel a change in Defendant's answers simply because she disagrees." (Doc. 23 at 8.) At the hearing, defense counsel repeated the assertion that it is not proper to file a motion to compel a new answer to a request for admission; in her view, a denial means the issue should be resolved at trial. She also explained that Defendant's procedures *do* require an exact match when a full birthdate is available, but that Defendant reasonably

- 6 -

matches only the month and year when the day of birth is not available. She also explained that the information returned from a search depends on the type of search conducted.

The motion will be denied as to RFA 14. As an initial matter, Defendant is wrong that its answers are not subject to challenge. *See* Fed. R. Civ. P. 36(a)(6) (providing that "[t]he requesting party may move to determine the sufficiency of an answer or objection," and that when "an answer does not comply with th[e] rule, the court may order either that the matter is admitted or that an amended answer be served"). However, the Court agrees that a qualified denial is a proper response to this request. The request asks for an admission that Defendant *does not* require an exact match, but Defendant *does* require an exact match. This makes a denial appropriate. Defendant's explanation that an exact match is not always possible, and that the information returned depends on the type of search conducted, are proper qualifications to that denial.

**RFA 15** seeks an admission "that Defendant's procedures for preparing consumer reports do not include verifying that public records match a consumer's address history before attributing those records to the consumer." (Doc. 20-6 at 14.) Defendant objected that the request is "compound, argumentative, and calls for a legal conclusion," and that the terms "consumer's address history," "attributing those records," and "public record" are vague and ambiguous. (*Id.*) Defendant then answered that it lacks sufficient information to admit or deny:

> [Defendant's] procedures do not require an exact match between public record addresses and a consumer's address history before flagging a record for further review. Based on the available identifying information provided by Succeed ABA Therapy—and by extension, Plaintiff—[Defendant] flagged a record associated with a matching name and birth month and year in Oklahoma. At the relevant time period, [Defendant] had no way of knowing whether Plaintiff had previously lived in Oklahoma, visited Oklahoma, or was otherwise present in the state during the time of the underlying offense. [Defendant] did not—and does not—possess information that would allow it to rule out, with certainty, the possibility that the Oklahoma criminal record did not pertain to Plaintiff. Given that no conflicting identifiers were present, [Defendant] reasonably flagged the record for inclusion in the report. [Defendant] therefore lacks sufficient information to admit or deny.

(*Id.*)

Plaintiff argues that this response does not answer the request. (Doc. 20 at 10–11.) Defendant responds that it cannot admit because the phrase "do not include verifying that public records match a consumer's address history" is "both inaccurate and materially misleading." (Doc. 23 at 9.) Defendant adds that it "does review a consumer's address history as part of its standard process," but that "consumers may still have criminal charges in jurisdictions where they do not reside." (*Id.*) So, Defendant argues, "[a]dmitting the statement as written would create a false impression to the jury that Defendant ignores address history entirely, which is objectively incorrect." (*Id.*)

The motion will be granted as to RFA 15. Defendant's objections are overruled. The request is clear, and none of its terms are vague or ambiguous. As to the sufficiency of Defendant's answer, the first sentence of the answer is an admission that Defendant does not require a match before flagging a record. Defendant's explanation that it does consider address history, but that a match is not required because a person can commit crimes outside of the state where she resides, is a proper qualification to that admission. *See Holmgren v. State Farm Mut. Auto. Ins.*, 976 F.2d 573, 580 (9th Cir. 1992) (holding that the defendant's hypertechnical denial was improper, though it "might have been a plausible quibble if it had been given as a qualification to an admission"). Defendant's position is easy to understand, so there is minimal risk of creating a "false impression."

### 2. Oklahoma Jail Record

Plaintiff's counsel obtained the other Sara West's jail record from the Cleveland County Sheriff's Office in Oklahoma. (Doc. 24-2 at 2.) The jail record includes West's full birthdate. (Doc. 20-7 at 2.) Plaintiff served the jail record on Defendant in discovery, along with several requests for admission relating to the record. (Doc. 20 at 9.)

**RFA 10** seeks an admission that "the date of birth of Sara West who was convicted of the misdemeanors in Cleveland County, Oklahoma is June 13, 1995." (Doc. 20-6 at 9.) **RFA 11** seeks an admission that "Plaintiff's date of birth (June 12, 1995) is different from the date of birth of the Sara West who was convicted of the misdemeanors in Cleveland

County, Oklahoma (June 13, 1995)." (*Id.* at 10.) Defendant answered that it lacks sufficient information to admit or deny because, among other things, it "has no independent means of verifying the accuracy of the date of birth associated with any individual named Sara West convicted in [Cleveland County, Oklahoma.]." (*Id.* at 9–10.)

The motion will be denied as to RFAs 10 and 11. As phrased, the requests presume that the birthdate listed in the jail record is accurate, so Defendant need not admit or deny them unless it knows whether the record is accurate. *See Raynor v. District of Columbia*, No. 14-750, 2019 WL 13250346, at *4 (D.D.C. Apr. 24, 2019) ("However, to the extent that Requests 47, 49, 50, and 52 ask Defendants to admit or deny that information in the documents is *accurate* (rather than that the documents are authentic), Ms. Raynor has not met her burden of showing that requests for admission are appropriate to that end."); *Papadakis v. CSX Transp., Inc.*, No. 04-30189, 2005 WL 8176416, at *1 (D. Mass. Oct. 14, 2005) ("Plaintiff seek[s] admissions as to the truth and accuracy of certain documents, as well as the information contained therein regarding fringe benefits. In each instance, Defendant has indicated that it is unaware of the origin of the document and, therefore, is unable to truthfully admit to its contents. Those responses, in the court's view, are appropriate."). Defendant asserts that it "has no independent means of verifying the accuracy of the date of birth or other identifying information associated with any individual named Sara West convicted in [Cleveland County, Oklahoma]." (Doc. 20-6 at 9.) As such, Defendant can properly assert a lack of sufficient information to admit or deny.

**RFA 12** seeks an admission that "the inaccurate information in Plaintiff's consumer report could have been avoided if Defendant had compared Plaintiff's identifying information with the identifying information of the person to whom the criminal records actually belonged." (*Id.* at 11.) Defendant objected that the request is "compound, argumentative, and calls for a legal conclusion," and that the terms "inaccurate information," "Plaintiff's identifying information," and "the person to whom the criminal records actually belonged" are vague and ambiguous. (*Id.*) Defendant then denied the request, explaining that it did not have the other Sara West's full birthdate at the time it

- 9 -

created the report, and that it reasonably flagged the Oklahoma court record as Plaintiff's because the record matched the information it had about Plaintiff and had no contradictory information. (*Id.* at 11–12.)

The motion will be denied as to RFA 12. This request is phrased generally, referring broadly to "criminal records." Defendant explains that it did compare Plaintiff's identifying information to criminal records—the court records. The error still occurred (obviously), so Defendant could reasonably refuse to admit that the error "could have been avoided" by comparing identifying information. Plaintiff says that this request "pose[s] a hypothetical that assumes the relevant data was retrieved by and was hence accessible to Defendant." (Doc. 24 at 7.) Even now, Plaintiff is not specific as to what "data" she is talking about. Defendant's denial "fairly respond[s]" to the request as phrased. Fed. R. Civ. P. 36(a)(4).

**RFA 16** seeks an admission that "a mugshot of the Sara West who was convicted of misdemeanors in Cleveland County, Oklahoma exists in the public record." (Doc. 20-6 at 15.) Defendant objected that the request is "vague, ambiguous, and assumes facts not admitted or established," and that the term "public record" is vague and ambiguous. (*Id.*) Defendant then answered that it lacks sufficient information to admit or deny:

> There is no mugshot located in the Oklahoma State Courts Network. Further, the record from the Oklahoma State Courts Network expressly states that 'The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information,' and as such, [Defendant] is under no obligation to rely on or verify such unofficial information. [Defendant] is not the custodian of records for the Oklahoma State Courts and is not in a position to verify what materials that facility may or may not maintain as public record. [Defendant] therefore lacks sufficient information to admit or deny.

(*Id.*)

The motion will be granted as to RFA 16. Defendant's objections are overruled. The request is clear, straightforward, and does not assume facts. Furthermore, the term "public record" is not vague or ambiguous, particularly as narrowed by the briefing to the specific record of the Cleveland County Detention Center. Indeed, Defendant's responses to other requests implicitly acknowledge that the jail records are "public records." (*Id.* at 16 ("This

Request assumes there was a mugshot available in the Cleveland County Detention Center's public records.").)

As to the sufficiency of Defendant's answer, an "answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4); *see Asea, Inc.*, 669 F.2d at 1247 (holding that, to comply with this rule, the party must actually conduct a reasonable inquiry). A "'[r]easonable inquiry' is limited to persons and documents within the responding party's control" and "does not require the responding party to interview or subpoena records from independent third parties in order to admit or deny a [r]equest for admission." *United States ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (citing *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997)). To the extent that some courts believe that a reasonable inquiry extends to third parties, the duty to contact such parties is limited. *See Henry v. Champlain Enters.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003) ("The inquiry may require venturing beyond the parties to the litigation and include, under certain limited circumstances, non-parties, but surely not strangers." (citations omitted)).

Here, Defendant conducted a reasonable inquiry by searching its own records and attempting to locate the jail record on the jail and state court websites. (Doc. 20-6 at 15 ("There is no mugshot located in the Oklahoma State Courts Network."); *id.* at 24 ("Responding Party has since made efforts to view the Cleveland County Detention Center in preparation of these responses and did not locate a mugshot.").) While that inquiry did not reveal the jail record, the record is nevertheless in Defendant's possession. Its existence is now within Defendant's knowledge and may not be ignored. *See Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994) ("Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play."). Defendant may not assert a lack of sufficient information unless a reasonable inquiry

provides reason to doubt the record's authenticity. Further, as phrased, the request does not seek an admission that the record is accurate, or that the record was available at the time of the background check, so those are not proper grounds for refusing to admit or deny.

**RFA 18** seeks an admission that Defendant "did not review the mugshot in the public record before attributing the criminal records to Plaintiff." (Doc. 20-6 at 16.) Defendant objected that the request is "vague, ambiguous, and calls for a legal conclusion"; that the term "public record" is vague and ambiguous; that the request assumes "that a mugshot of the referenced individual existed and was publicly available through the Cleveland County Detention Center at the time Defendant prepared the consumer report"; and that the request assumes that "Defendant was given a mugshot and/or photograph of Plaintiff in preparation of the consumer report." (*Id.* at 16–17.) Defendant then answered that it lacks sufficient information to admit or deny:

> This Request assumes there was a mugshot available in the Cleveland County Detention Center's public records. [Defendant] did not access records from the Cleveland County Detention Center and was not required to independently search specific detention center records or websites beyond the scope of the contracted search parameters. [Defendant] has since made efforts to view the Cleveland County Detention Center in preparation of these responses and did not locate a mugshot. [Defendant] therefore lacks sufficient information to admit or deny.

(*Id.* at 17.)

The motion will be granted as to RFA 18. Defendant's objections are overruled because the request is clear and straightforward, and it does not call for a legal conclusion. As discussed below, to the extent that parts of the request assume facts that cannot be admitted, Defendant need not admit those specific parts.

As to the sufficiency of the answer, Defendant's discovery responses and filings make clear that, as a matter of historical fact, Defendant did not review the Cleveland County Detention Center mugshot or any other mugshot before preparing the report about Plaintiff. But, as phrased, the request assumes that the jail record was available at the time Defendant conducted the background check. Under such circumstances, Defendant should admit to the extent that it did not examine any mugshot before creating the report; and, if

a reasonable inquiry supports it, assert a lack of sufficient information to admit or deny that a mugshot was available at the time of the background check. *See* Fed. R. Civ. P. 36(a)(4) (providing that a party can admit a matter in part); *see Marchand*, 22 F.3d at 938 ("[T]o aid the quest for relevant information parties should not seek to evade disclosure by quibbling and objection. They should admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.").

**RFA 20** seeks an admission that "the physical appearance of the person in the mugshot does not match Plaintiff's physical appearance." (Doc. 20-6 at 18.) Defendant objected that the request is "vague, ambiguous, and calls for a legal conclusion"; that the request "assumes facts not admitted or established, including that a mugshot of the referenced individual existed and was publicly available through the Cleveland County Detention Center at the time Defendant prepared the consumer report"; and that the request assumes that "Defendant was given a mugshot and/or photograph of Plaintiff in preparation of the consumer report." (*Id.* at 18–19.) Defendant then answered that it lacks sufficient information to admit or deny:

> The Request assumes, without basis, that [Defendant] had access to both the mugshot in question and an image of Plaintiff—neither of which [Defendant] had, or was provided, at the time of the report. Plaintiff admits she did not provide a photograph to Succeed ABA Therapy, and therefore no photograph of Plaintiff was ever provided to [Defendant]. This Request also assumes there was a mugshot available in the Cleveland County Detention Center's public records. Without access to either image, [Defendant] had no ability to compare physical appearances and was not required to do so. This Request attempts to create a false implication that [Defendant] failed to conduct a comparison it was neither capable of nor obligated to perform. It is improper under Rule 36 and irrelevant to the actual procedures used. [Defendant] therefore lacks sufficient information to admit or deny the matter as stated.

(*Id.* at 19.)

The motion will be granted as to RFA 20. Defendant's objections are overruled for the reasons given above. This request asks for an opinion concerning two photographs that Plaintiff provided in discovery, without regard to what information was available at what time. Defendant's objections might be a proper qualification to an admission or denial, but

they are not a basis for asserting a lack of sufficient information.

**RFA 26** seeks an admission that "Defendant did not obtain or attempt to obtain a photograph of Plaintiff to compare with the mugshot available in the Cleveland County Detention Center's public records." (*Id.* at 23.) Defendant objected that the request is "vague, argumentative, and ambiguous" as to the terms "mugshots," "photographs," and "public records"; that the request "assumes facts not admitted or established, including that mugshots are consistently available or accessible for individuals referenced in public records"; and that the request "is misleading, [and] seeks information outside the scope of [Defendant's] knowledge, obligations, and the procedures it was contracted to perform." (*Id.* at 23–24.) Defendant then answered that it lacks sufficient information to admit or deny:

> This Request falsely presumes that [Defendant] knew a mugshot was available in the Cleveland County Detention Center's public records, and that [Defendant] had a duty or reason to seek out such a record. [Defendant] had no access to a mugshot from Cleveland County, was not instructed or required to obtain one, and was not provided with a photograph of Plaintiff by Succeed ABA Therapy. [Defendant] has since made efforts to view the Cleveland County Detention Center in preparation of these responses and did not locate a mugshot. Further, Plaintiff admits she did not provide a photograph to Succeed ABA Therapy at any point, and therefore [Defendant] did not have a visual identification of Plaintiff. [Defendant] had no means, ability, or obligation to perform a visual comparison between two individuals for whom it had no images. This Request attempts to create a misleading inference of fault where there was no such duty, capacity, or relevant information available to [Defendant] at the time of the report. The Request is improper under Rule 36, and is irrelevant to the actual procedures used. [Defendant] has made a reasonable inquiry and lacks sufficient information to admit or deny the matter as stated.

(*Id.* at 24.)

The motion will be granted as to RFA 26. For the reasons given above, Defendant's objections are meritless and overruled. As to the sufficiency of Defendant's answer, the record indicates that Defendant has never attempted to obtain a photograph of Plaintiff. If that is correct, then Defendant should admit the request in part to that extent. This request, like RFA 18, appears to assume that the mugshot was publicly available at the time of the

background check. If a reasonable inquiry supports it, then Defendant may assert a lack of sufficient information to admit or deny that part of the request. Defendant's complaint that it did not have a duty to obtain and compare a photograph may be a proper qualification.

### III. Conclusion

The motion will be granted in part and denied in part as set forth above. Because the motion is granted only in part, and because Plaintiff's counsel apparently failed to meet and confer as to one of the issues raised in the motion, Plaintiff's requests for fees will be denied. *See* Fed. R. Civ. P. 37(a)(5)(C) (giving the Court discretion to award fees when a motion to compel is granted only in part).

**IT IS ORDERED** that the motion to compel (Doc. 20) is **granted in part**. Defendant must search for and produce documents responsive to RFPs 30, 45, and 46 and must serve amended answers to RFAs 15, 16, 18, 20, and 26. The document production and amended answers must be served on Plaintiff's counsel within **14 days** of the date this Order is docketed. The motion is otherwise **denied**.

Dated this 3rd day of October, 2025.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge